Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

_____Civil___ Division

FILED
MAILROOM

OCT - 7 2024

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Antonio Gregory Brooks | ) |
| | ) |
| | ) Case No. __1:24cv1772__ |
| | ) *(to be filled in by the Clerk's Office)* |
| _____ | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| | ) |
| Elliott Trumbore | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Antonio Gregory Brooks |
| Street Address | 2701 Park Center Drive |
| City and County | Alexandria |
| State and Zip Code | Virginia 22302 |
| Telephone Number | (910) 987-0787 |
| E-mail Address | antoniobrooks20@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

Name | Elliott Trumbore

Job or Title *(if known)*

Street Address | 16912 Fairview Road

City and County | Indian Trail, Union

State and Zip Code | North Carolina, 28079

Telephone Number

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
(1) 18 U.S.C. § 2265 - Full Faith and Credit for Protection Orders; (2) 28 U.S.C. § 1331 - Federal Question Jurisdiction; (3) Article IV, Section 1 of the U.S. Constitution - Full Faith and Credit Clause; (4) Federal Rule of Civil Procedure 60(b)(4); (5) 28 U.S.C. § 2201 - Declaratory Judgment

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

        The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

    b.    If the plaintiff is a corporation

        The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ; and has its principal place of business in the State of *(name)* _____ .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

The events giving rise to my claims occurred in Mecklenburg County, North Carolina, where a valid protection order (the "NC Decree") was issued, and in Alexandria, Virginia, where the Virginia court issued a conflicting default judgment in case GV-23-5230, ignoring the NC Decree.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

The relevant events occurred on the following dates:
- March/April 2023: The VA EPO & NC Decree was signed and issued by a judges in Alexandria City General District Court (GDC) & Mecklenburg County, North Carolina, respectively.
- April 2023: The NC Decree was filed with the Alexandria City GDC Clerk's Office in Virginia.
- September 2023/January 2024: Defendant filed VA Case in the Alexandria City GDC in September and issued a default judgment against me in January, disregarding with the NC Decree.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**C.    What are the facts underlying your claim(s)?** *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

In March/April 2023, the Alexandria City General District Court in Virginia issued an Emergency Protective Order (EPO), and the Mecklenburg County General District Court of North Carolina issued an ex parte domestic violence protection order (the "NC Decree"). The NC Decree included a no-contact provision and resolved all property matters between me (the Plaintiff) and the Defendant. This decree was agreed upon by both parties and signed by a judge in North Carolina.
The NC Decree is binding and enforceable across state lines under 18 U.S.C. § 2265, which mandates that protection orders issued by one state must be enforced in another state.
In April 2023, I filed the NC Decree with the Alexandria City GDC Clerk's Office in Virginia to ensure its enforceability in that jurisdiction.
In September 2023, the Defendant filed a motion in the Alexandria City General District Court, initiating case GV-23-5230, and in January 2024, the court issued a default judgment in the Defendant's favor without notifying me and without considering the filed NC Decree.
The Virginia court's default judgment conflicts directly with the NC Decree and violates my federally protected rights under 18 U.S.C. § 2265 and the Full Faith and Credit Clause of the U.S. Constitution. This judgment was issued despite the NC Decree being properly filed in Virginia, which mandates the dismissal of any conflicting actions in Virginia.
The Defendant's actions, supported by the Virginia court's improper issuance of a default judgment, have caused me harm by violating my rights under federal law, subjecting me to continued legal harassment and the risk of inconsistent legal judgments.

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

1. Violation of Federally Protected Rights: The Virginia court's failure to enforce the NC Decree, despite federal law mandating such enforcement under 18 U.S.C. § 2265, represents an ongoing violation of my rights under the Full Faith and Credit Clause of the U.S. Constitution. The continued disregard for these rights cannot be undone through monetary damages alone, as it impacts my personal liberty and ability to have judicial orders from other states respected.
2. Ongoing Legal Harassment and Threat of Conflicting Judgments: The conflicting Virginia court judgment subjects me to continuous legal uncertainty and harassment, as it disregards the terms of the NC Decree. This creates a situation where I am at risk of further conflicting court actions, causing immense personal stress and undermining the legal protections intended by the NC Decree. This ongoing violation of my legal protections cannot be remedied with money.
3. Personal Safety and Well-being: The NC Decree was intended to protect my personal safety and well-being. By failing to enforce this decree, the Virginia court's judgment undermines the protections granted to me under North Carolina law. The potential for future harm, emotional distress, and risk to my safety cannot be measured or compensated adequately by monetary damages.
4. Loss of Legal Protections and Enforcement of Judicial Orders: The integrity of judicial orders is fundamental to the rule of law. The Virginia court's default judgment undermines the enforceability of the NC Decree, which could lead to future violations of my rights. The inability to rely on the enforcement of judicial orders across state lines is an injury that monetary compensation cannot address.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Immediate Injunctive Relief: I request an immediate injunction to halt the enforcement of the default judgment issued in Virginia case GV-23-5230, as it directly conflicts with the NC Decree issued in Mecklenburg County, North Carolina, and violates 18 U.S.C. § 2265.
2. Declaratory Relief: I request a declaration from the Court affirming that the Virginia court's judgment is void due to the lack of jurisdiction and failure to comply with the NC Decree, in violation of both federal and state law, including the Full Faith and Credit Clause of the U.S. Constitution.
3. Enforcement of the NC Decree: I request that the Court enforce the NC Decree under 18 U.S.C. § 2265, ensuring that no further actions are taken by the Defendant in violation of the NC Decree, and that future conflicting motions are dismissed.
4. Vacatur of the Default Judgment: I request that the default judgment issued in Virginia case GV-23-5230 be vacated due to the Virginia court's lack of jurisdiction and its failure to recognize the binding NC Decree.
5. Permanent Injunction: I request a permanent injunction to prevent the Defendant or any other party from initiating or pursuing further legal actions in any jurisdiction regarding matters already resolved by the NC Decree, ensuring the enforcement of the original protection order across state lines.
6. Compensatory Damages: I seek compensatory damages in the amount of $50,000 for the emotional distress, legal harassment, and the costs associated with defending against the wrongful default judgment issued by the Virginia court.
7. Punitive Damages: I seek punitive damages in the amount of $100,000 for the Defendant's willful and malicious attempt to undermine the NC Decree by filing a conflicting motion in Virginia, which caused ongoing harm and violated my federally protected rights.
8. Service by U.S. Marshals: I request that the Court direct the U.S. Marshals Service to serve the Defendant with all necessary legal documents, due to my pro se status and inability to afford private service of process, pursuant to 28 U.S.C. § 1915(d).
9. Any Other Relief Deemed Appropriate: I request any additional relief that the Court deems just and proper to protect my rights and ensure that the NC Decree is properly enforced.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          4 October 2024

Signature of Plaintiff

Printed Name of Plaintiff      Antonio Gregory Brooks

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print        Save As        Add Attachment        Reset

FILED

OCT - 7 2024

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

ANTONIO G BROOKS
2701 PARK CENTER DRIVE, APT B905
ALEXANDRIA, VA 22302

PLAINTIFF

VS.

ELLIOTT TRUMBORE
16912 FAIRVIEW ROAD
INDIAN TRAIL, NC 28079

DEFENDANT

CIVIL ACTION NO. (To be filled in by Clerk)

1: 24 cv 1772

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. Antonio Brooks ("Plaintiff"), proceeding pro se, respectfully submits this Motion for an Immediate Injunction and Declaratory Relief to dismiss the judgment issued by the Virginia court in TRUMBORE v. BROOKS, GV-23-5230 ("the VA order").

2. This motion is based on the failure of the Virginia court to recognize and comply with a consent decree signed by a judge in North Carolina in BROOKS v. TRUMBORE, 23CVD5000152 ("the NC decree") and filed with the Alexandria City Clerk's Office in Alexandria, Virginia.

3. The NC decree made findings that under 18 U.S.C. Section 2265 mandated enforcement of the NC decree "by the courts of any state" and the Alexandria City General Court ignored in the VA order, leading to a violation of both state and federal law in declaring a default judgement.

4. Therefore, Plaintiff seeks immediate injunctive relief to halt the enforcement of the VA order, as it directly conflicts with the federally mandated full faith and credit clause applicable to protective orders under 18 U.S.C. Section 2265.

5. The Plaintiff further requests declaratory relief, asserting that the VA order is invalid due to the court's failure to give proper recognition and enforcement to the NC decree, as required by federal law. In doing so, Plaintiff argues that the judgment issued by the Virginia court not only contradicts the NC decree but also undermines fundamental legal protections afforded under federal interstate enforcement statutes.

## PARTIES

6. Plaintiff Antonio Brooks is a U.S. Citizen, naturally born on November 10, 1992. Plaintiff maintains residences in Alexandria, Virginia and Charlotte, North Carolina.

7. Defendant Elliott Trumbore ("Defendant") is a U.S. Citizen, naturally born on March 17, 1999. Defendant maintains residences in Indian Trail, North Carolina and Charlotte, North Carolina.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 18 U.S.C. § 2265 and 28 U.S.C. § 1331, as it involves a federal question concerning the enforcement of a protection order across state lines.

9. The Plaintiff, is a resident of the Eastern District of Virginia, specifically residing in Alexandria, Virginia. Under 28 U.S.C. § 1391(b)(1), venue is proper in this district as it is the district where the Plaintiff resides. The Plaintiff's residence in Alexandria provides the federal district court with jurisdiction over this matter as it relates to the Plaintiff's domicile.

10. The federal district court has jurisdiction over the actions of the Alexandria City General District Court under 28 U.S.C. § 1331, which grants federal district courts jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This case involves the failure of the Virginia state court to enforce a consent decree from North Carolina that should be afforded full faith and credit under 18 U.S.C. § 2265, a federal statute. The issue presents a federal question because it requires interpretation and enforcement of a protection order across state lines, which is governed by federal law, specifically the Violence Against Women Act (VAWA).

11. The court's authority to hear such cases is well-established, as cases that arise under the United States Constitution or federal laws, including treaties, are considered federal question cases under 28 U.S.C. § 1331. In Thompson v. Thompson, 484 U.S. 174 (1988), the Supreme Court confirmed that federal courts may exercise jurisdiction when a federal

statute is central to the enforcement of state court orders, as is the case here with 18 U.S.C. § 2265.

12. The Plaintiff seeks enforcement of the North Carolina consent decree pursuant to 18 U.S.C. § 2265, which requires that protection orders issued by a state court be enforced by other state courts in compliance with the full faith and credit clause. The failure of the Alexandria City General District Court to recognize the North Carolina decree raises a federal question because it involves the application of this federal statute. The judgment issued by the Virginia court undermines the protection order and thus violates the Plaintiff's rights under both state and federal law.

13. Furthermore, United States v. Morrison, 529 U.S. 598 (2000), highlights the significant role that federal courts play in overseeing and ensuring the consistent application of protection orders under VAWA. The failure to recognize a protective order across state lines invokes a substantial federal interest, and the federal courts are empowered to remedy such violations.

14. This case involves the enforcement of a federally mandated protection order, an issue of substantial federal interest under the Full Faith and Credit Clause, specifically as applied to protection orders by 18 U.S.C. § 2265. The statute compels all state courts to enforce protection orders issued by another state and provides that a protection order "shall be accorded full faith and credit by the court of another State." The Virginia court's failure to comply with this federal mandate constitutes a violation of federal law and gives rise to a federal question within the jurisdiction of this court.

15. The U.S. Supreme Court has affirmed that when state court judgments conflict with federal law, as they do here, federal courts have the authority to intervene. In Ex parte Young, 209 U.S. 123 (1908), the Court ruled that federal courts could issue injunctive relief against state officers who violate federal law. Here, the Virginia court's judgment conflicts with the Plaintiff's federally protected rights under 18 U.S.C. § 2265, justifying injunctive and declaratory relief from this court.

16. Additionally, the Plaintiff's rights under the Fourteenth Amendment were violated when the Alexandria City General District Court failed to enforce the North Carolina decree, thereby depriving the Plaintiff of his right to due process. In Mathews v. Eldridge, 424 U.S. 319 (1976), the Supreme Court held that procedural due process must be afforded when a state action affects a person's rights or property. The VA order, by disregarding the NC decree, effectively deprived the Plaintiff of protections that were established by a valid court order, thus violating the Plaintiff's due process rights.

17. The enforcement of protection orders across state lines and the federal statutes that mandate such enforcement reflect a significant federal interest. Under 28 U.S.C. § 1331, federal courts have jurisdiction over cases involving questions of federal law, such as this one. The failure of the Virginia court to enforce the North Carolina protection order in accordance with 18 U.S.C. § 2265 constitutes a failure to uphold federal statutory law, thereby giving this federal court jurisdiction.

## BACKGROUND

18. In case 23CVD5000152, Mecklenburg County General District Court of North Carolina (2023), an ex parte domestic violence order of protection (attached as Exhibit A) was granted in favor of the Plaintiff. This order was subsequently supplemented by a judicial consent decree (hereinafter referred to as the "NC Decree" and attached as Exhibit B), which was agreed upon by both the Plaintiff and the Defendant. The NC Decree, signed by a judge in North Carolina, resolved all property matters between the Plaintiff and the Defendant, and established a no-contact order. This decree was later filed with the Alexandria City General District Court Clerk's Office in Alexandria, Virginia, pursuant to 18 U.S.C. § 2265. (See Attached Exhibits A & B).

19. Additionally, in case EPO: 510JM2300002898, Alexandria City Juvenile and Domestic Relations District Court (2023), an Emergency Protective Order ("EPO") was issued (attached as Exhibit C) to ensure compliance with the NC Decree during the waiting period between the ex parte order from North Carolina and the final NC Decree. The issuance of this EPO was necessary, as the Defendant had previously attempted to circumvent the NC Decree by filing a motion in Virginia, which was denied. This EPO guaranteed the Plaintiff's protection and affirmed the enforceability of the NC Decree under 18 U.S.C. § 2265. (See Attached Exhibit C).

20. However, around September 2023, the Defendant sought to undermine the NC Decree and federal protection provisions by filing a motion in Virginia under case GV-23-5230, Alexandria City General District Court of Virginia (hereinafter referred to as the "VA order"). Despite the NC Decree being filed in the Alexandria Clerk's Office and the existing EPO, the court issued a default judgment in favor of the Defendant without notice to the Plaintiff or acknowledgment of the NC Decree and its federal protections. (See Attached Exhibit D).

21. The issuance of the VA order's default judgment was improper for several reasons:
   a. The NC Decree had been clearly filed and established, with specific directives that should have precluded any conflicting judgments under 18 U.S.C. § 2265, which

mandates that protection orders be enforced by courts of all states, b. The NC Decree was filed in the Alexandria City General District Court's Clerk's Office, along with a motion to dismiss any subsequent action taken by the Defendant in violation of the NC Decree; and c. The EPO case, previously granted by the Alexandria City General District Court, was directly related to and corroborative of the NC Decree, further supporting the argument that any motion filed by the Defendant should have been dismissed as moot under Virginia Code § 8.01-428(C), which allows relief from judgments that are void due to an accord and satisfaction.

## CAUSE OF ACTION

### I. The Virginia Court Lacks Jurisdiction Due to the Consent Decree

22. The Alexandria City General District Court in Virginia lacks subject matter jurisdiction over this case because of the binding Consent Decree issued by the Mecklenburg County General District Court of North Carolina in case 23CVD5000152. The Consent Decree (referred to as the "NC Decree") resolved all matters of no-contact orders and property disputes between the Plaintiff and the Defendant. This decree was properly filed in the Alexandria City General District Court Clerk's Office in Virginia pursuant to 18 U.S.C. § 2265, which mandates that protection orders issued by one state must be given full faith and credit in any other state.

23. Under the Full Faith and Credit Clause of the U.S. Constitution, Article IV, Section 1, states are required to respect the "public acts, records, and judicial proceedings" of other states. As such, Virginia courts are constitutionally required to give full recognition to the NC Decree.

24. Virginia law also recognizes that when a valid, pre-existing decree governs the subject matter, any subsequent court in the state lacks jurisdiction to issue new orders or judgments on the same issues. The Virginia court's issuance of a default judgment in case GV-23-5230 directly contradicts the NC Decree, rendering the Virginia court's judgment improper and void. A court cannot assert jurisdiction when there is a pre-existing judgment or consent decree addressing the same subject matter.
    a. Voiner v. Voiner, 30 Va. App. 452, 517 S.E.2d 273 (1999), supports the principle that any judgment issued by a court without jurisdiction is void ab initio.

### II. Virginia Laws Concerning Case Dismissal and Setting Aside Judgments

25. Va. Code Ann. § 8.01-428 (Relief from Judgment or Decree) provides that a court may set aside a judgment under specific circumstances, including:
    a. Lack of Jurisdiction: A judgment can be voided if the court lacked jurisdiction over the subject matter. In this case, the Virginia court lacked jurisdiction because the NC Decree was binding and precluded further litigation on the matters covered in that decree.
    b. Void Judgment: The Virginia judgment is void because it was issued contrary to the NC Decree, which governed the property and no-contact matters. A void judgment has no legal effect and must be vacated.
    c. Mistake or Inadvertence: The Virginia court's issuance of a default judgment without acknowledging the NC Decree and its federal protections constitutes a mistake that can and should be remedied under this statute.

26. Va. Code Ann. § 8.01-277 (Objections to Jurisdiction) allows a party to object to the jurisdiction of the court if a prior controlling decree exists. The Plaintiff properly filed the NC Decree in Virginia, and the Virginia court failed to recognize the binding nature of the decree, thereby overstepping its jurisdiction. As a result, the Plaintiff requests that this court set aside the Virginia judgment.

27. Va. Code Ann. § 8.01-335 (Dismissal of Action; Reinstatement of Dismissed Action) supports the dismissal of actions where jurisdiction is improper or where a pre-existing judgment already governs the subject matter. The existence of the NC Decree mandates dismissal of the Defendant's motion in Virginia because the issues have already been resolved in the prior, valid proceeding.

### III. Federal Provisions Mandating Dismissal Due to Non-Compliance with the NC Decree

28. The NC Decree must be enforced under 18 U.S.C. § 2265, a federal statute enacted as part of the Violence Against Women Act (VAWA). This statute mandates that protection orders issued by one state must be enforced in another state, provided they were issued in compliance with due process protections. The Virginia court's failure to recognize and enforce the NC Decree constitutes a violation of 18 U.S.C. § 2265, which preempts any contradictory state law under the Supremacy Clause of the U.S. Constitution, Article VI, Clause 2.

29. 18 U.S.C. § 2265 ensures that any protective order, such as the NC Decree, is to be afforded full faith and credit by other states as if it were issued in the enforcing state. Virginia's default judgment contradicts this federal mandate and thus must be vacated as void under federal law.

30. The Full Faith and Credit Clause of the U.S. Constitution also ensures that the NC Decree is enforceable in Virginia. By failing to give due respect to this clause, the Virginia court has violated a key constitutional protection designed to maintain consistency between states and prevent contradictory judgments.

31. Federal Rule of Civil Procedure 60(b)(4) allows for relief from a judgment if the judgment is void. Given that the Virginia court lacked jurisdiction and failed to recognize the binding NC Decree, the default judgment is void and must be vacated pursuant to Rule 60(b)(4).

## IV. Failure to Comply with the Consent Decree Renders the Judgment Void and Requires Dismissal

32. The Virginia court's judgment is void ab initio due to the lack of jurisdiction and failure to comply with the binding NC Decree. Courts have consistently held that judgments issued in violation of a binding consent decree or without proper jurisdiction are nullities. Under Va. Code Ann. § 8.01-428, a void judgment must be set aside to ensure compliance with the law.

33. In Voiner v. Voiner, 30 Va. App. 452, 517 S.E.2d 273 (1999), the court reiterated that any judgment rendered without jurisdiction or in violation of a prior, binding agreement is void and has no legal effect. Therefore, the Plaintiff requests that the Virginia court's default judgment be vacated, as it conflicts with the NC Decree, which was already adjudicated and properly filed in Virginia.

## V. Analogous Situations in Divorce and Family Law Cases

34. In similar circumstances involving divorce, child custody, or property settlement cases, courts frequently uphold consent decrees or agreements between parties to prevent contradictory judgments and ensure consistency. In cases such as Brown v. Brown, 5 Va. App. 238, 361 S.E.2d 364 (1987), Virginia courts respected and enforced pre-existing consent decrees, ensuring that no further litigation could contradict these binding agreements.

35. The same legal principles apply in this case. The NC Decree resolved the issues between the Plaintiff and Defendant. Any subsequent court action in Virginia would contradict the established terms of the NC Decree, causing legal confusion and unjust outcomes. The Plaintiff therefore argues that the Virginia court lacked jurisdiction, and that the judgment must be dismissed or vacated.

## VI. Grounds for Immediate Injunction and Declaratory Relief

36. The Plaintiff seeks an immediate injunction to prevent the enforcement of the Virginia court's default judgment. An injunction is necessary to halt the ongoing legal violations of the Plaintiff's rights and to ensure compliance with the NC Decree. Under Federal Rule of Civil Procedure 65, a party may seek injunctive relief when there is an immediate threat of irreparable harm, as is present here, where the Defendant continues to attempt to undermine the NC Decree.

37. Declaratory relief is also warranted under 28 U.S.C. § 2201 to clarify the legal relationship between the parties and to establish that the Virginia court's judgment is void under 18 U.S.C. § 2265 and the applicable Virginia statutes. This court should declare that the NC Decree remains binding, that the Virginia court's judgment is invalid, and that no further legal actions may proceed on the matters already settled by the NC Decree.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief:

38. Immediate Injunctive Relief: Issue an immediate injunction halting the enforcement of the VA order issued in case GV-23-5230 by the Alexandria City General District Court, as it directly conflicts with the NC Decree and violates 18 U.S.C. § 2265, which mandates full faith and credit for out-of-state protection orders.

39. Declaratory Relief: Grant declaratory relief affirming that the VA order is void due to the lack of jurisdiction and the court's failure to comply with the NC Decree, in violation of both state and federal law, including Virginia Code § 8.01-428(C), 18 U.S.C. § 2265, and the Full Faith and Credit Clause of the U.S. Constitution.

40. Enforcement of the NC Decree: Declare that the NC Decree remains fully enforceable under 18 U.S.C. § 2265, and order that any future actions taken by the Defendant in violation of the NC Decree be summarily dismissed. Ensure the continued protection of the Plaintiff's rights under the decree.

41. Vacatur of the Default Judgment: Vacate the default judgment issued in case GV-23-5230 under Federal Rule of Civil Procedure 60(b)(4) and Virginia Code § 8.01-428(C) on the grounds that it is void for lack of jurisdiction and in violation of the NC Decree and applicable federal law.

42. Permanent Injunction: Issue a permanent injunction preventing the Defendant or any court from further pursuing legal actions on matters already resolved by the NC Decree to avoid duplicative or conflicting litigation.

43. Declaratory Relief on the Binding Nature of the NC Decree: Grant further declaratory relief under 28 U.S.C. § 2201 affirming the binding nature of the NC Decree and declaring the VA order void for failure to comply with both federal and state laws.

44. Compensatory and Punitive Damages: In addition to the injunctive and declaratory relief sought, I respectfully request that the Court award compensatory damages in the amount of $50,000 for the emotional distress and legal harassment caused by the Defendant's actions and the wrongful default judgment. Furthermore, I seek punitive damages in the amount of $100,000 to punish the Defendant for willfully and maliciously undermining the NC Decree and violating my federally protected rights, in order to deter similar conduct in the future.

45. Service by U.S. Marshals: Direct the U.S. Marshals Service to serve the Defendant with all necessary legal documents, pursuant to 28 U.S.C. § 1915(d), due to the Plaintiff's pro se status and inability to afford private service of process.

46. Any Other Relief Deemed Appropriate: Provide any additional relief deemed just and appropriate by the Court to protect the Plaintiff's rights and ensure compliance with the federal and state statutes.

47. Jury Trial Request: The Plaintiff requests a jury trial for any factual issues that may arise in this case, as provided by Federal Rule of Civil Procedure 38, unless the Court finds that the matter is purely a legal question where a jury trial would not be appropriate.

Dated: 4 October 2024

Respectfully Submitted - Pro Se,

Antonio Gregory Brooks
2701 Park Center Drive, Apt B905
Alexandria, VA 22302
910-987-0787
Antoniobrooks20@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
CIVIL_____DIVISION

ANTONIO GREGORY
~~BROOKS~~_____
                **Plaintiff(s),**

        v.                                      Civil Action Number: __1:24 CV 1772__

ELLIOTT TRUMBORE_____
                **Defendant(s),**

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** THIS PRO SE FILING_____.
                                                              **(Title of Document)**

ANTONIO GREGORY BROOKS_____
Name of *Pro Se Party* (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: 4 OCTOBER 2024____ (Date)

                            **OR**

**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                              **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____(Date)