IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANTONIO GREGORY BANKS,     )
          )
          )
    Plaintiff,     )
          )
    v.     )     Civil Action No. 1:24-cv-1772 (RDA/WBP)
          )
ELLIOTT TRUMBORE,     )
          )
    Defendant.     )

## ORDER

This matter comes before the Court on United States Magistrate Judge William B. Porter's Recommendation (Dkt. 5) on Plaintiff Antonio Gregory Banks' Motion to Proceed *in forma pauperis* (Dkt. 2), and Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Dkt. 7). For the reasons stated below, this Court ADOPTS Judge Porter's Recommendation and OVERRULES Plaintiff's objections.

To start, in his Motion for leave to proceed *in forma pauperis*, Plaintiff reports that he is a student with no assets and that his living expenses are covered by student loan payments. Dkt. 2. Accordingly, this Court agrees with Magistrate Judge Porter that Plaintiff's motion to file in forma pauperis is granted.

However, seeking to proceed *in forma pauperis* subjects Plaintiff's Complaint to the screening requirements of 28 U.S.C. § 1915(e). *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Under this review, a complaint must be dismissed *sua sponte* if the plaintiff's claims are frivolous, malicious, fail to state a claim, or seek monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). A plaintiff "fails to state a claim on which

relief may be granted," when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[1]

Here, Plaintiff's claims stem from an order of protection that Plaintiff obtained in North Carolina and a subsequent Emergency Order of Protection that Plaintiff requested in the Alexandria Juvenile and Domestic Relations Court. Dkt. 1 at 1-2. Defendant Elliott Trumbore is the subject of both orders. *Id.* Subsequently, Defendant filed a civil action with the Alexandria General District Court for return of property or the value of such property and judgment was entered in favor of Defendant after Plaintiff defaulted. *Id.*; Dkt. 1-2. Plaintiff has brought his claims here against the Defendant but ultimately seeks relief in the form of "an immediate injunction halting the enforcement of the VA order" and voiding such order. *Id.* at 15.

----

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing *pro se* complaint); *accord Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting *Erickson*, 551 U.S. at 94; then quoting *Iqbal*, 556 U.S. at 679)).

To begin with, it is not clear that this Court has subject matter jurisdiction over Plaintiff's claims. The only potential federal claims that Plaintiff raises are: (i) the Full Faith and Credit Clause; and (ii) 18 U.S.C. § 2265, which require states to give full faith and credit to the protection orders issued by another state. But the Supreme Court of the United States has recognized that "the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action." *Thompson v. Thompson*, 484 U.S. 174, 182 (1988). Likewise, Section 2265 does not reflect clear congressional intent to create a cause of action. *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 94 (1981) ("[U]nless this congressional intent [to create a private cause of action] can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy does not exist."). In Section 2265, as with the federal statutes at issue in *Thompson*, the statute imposes a duty on states to give full faith and credit. Thus, following the Supreme Court's approach in *Thompson*, Section 2265 also does not give rise to a federal cause of action that would confer subject matter jurisdiction. *See Thompson*, 484 U.S. at 183 ("Because Congress' chief aim in enacting the PKPA was to extend the requirements of the Full Faith and Credit Clause to custody determinations, the Act is most naturally construed to furnish a rule of decision for courts to use . . . and not to create an entirely new cause of action."). The Court's conclusion here is buttressed by the fact that the Court could locate no cases relying on Section 2265 to confer

subject matter jurisdiction.[2] Because the Court lacks subject matter jurisdiction over this case, this case will be dismissed.[3]

Lack of subject matter jurisdiction is not, however, the only difficulty that Plaintiff's Complaint faces. Plaintiff seeks an immediate injunction against and vacatur of the Alexandria General District Court's default judgment. Dkt. 1 at 14.[4] Indeed, that is the entire purpose of Plaintiff's lawsuit. There are a number of problems with this, however. To begin with, Plaintiff's suit would appear to violate the *Rooker-Feldman* doctrine. As the Fourth Circuit has explained: "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). *Rooker-Feldman* also provides a jurisdictional rule. *Id.* And, a litigant may not "circumvent these jurisdictional mandates by

---

[2] Because Plaintiff seeks injunctive relief, Plaintiff also makes cursory reference to 28 U.S.C. § 2201. But as judges in this District have previously recognized, "the Declaratory Judgment Act is not an independent source of jurisdiction, and does not create or confer federal subject matter jurisdiction." *Indian Harbor Ins. Co. v. French*, 555 F. Supp. 3d 273, 276 (E.D. Va. 2021).

[3] Plaintiff's remaining claims are premised on state law. Moreover, it appears that there is no diversity jurisdiction because Plaintiff alleges that both Plaintiff and Defendant are residents of North Carolina. Dkt. 1 ¶¶ 6-7 (alleging that Plaintiff resides in Virginia and North Carolina and that Defendant resides in North Carolina). Thus, Plaintiff and Defendant are not diverse. Additionally, although Plaintiff assert that he is seeking $150,000 in damages, Plaintiff relies on no statute that would provide for the provision of damages. Because there is no legal basis for damages, Plaintiff also cannot satisfy the monetary damages element of diversity jurisdiction. *Bui v. Koons of Tysons Corner Inc.*, 2023 WL 4671212, at *3 (E.D. Va. July 20, 2023) (recognizing that where it is clear "to a legal certainty" that a plaintiff "cannot recover the amount claims . . the suit may be dismissed").

[4] It is not apparent to this Court that any provision of the Protective Order was violated. Plaintiff's Complaint fails to state a plausible claim that this case addresses or undermines the enforcement of the North Carolina Protective Order. Plaintiff's Complaint fails to establish that the Protective Order disposed of property disputes between Plaintiff and Defendant. Accordingly, this Court finds that Plaintiff has failed to state a claim on these grounds.

instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Id.* It is apparent that this is what Plaintiff is seeking to do here rather than appear in or appeal the state court default judgment. Finally, the Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, the Act is "an absolute prohibition against enjoining state proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. B'hood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). Here, Plaintiff clearly seeks an injunction of the state court proceeding and none of the three exceptions applies because there is no express Act of Congress, no jurisdiction, and no federal judgment. Accordingly, this too provides another basis to dismiss the case.[5]

Accordingly, it is hereby

**ORDERED** this Court **ADOPTS** Judge Porter's Recommendation (Dkt. 5); and it is

**FURTHER ORDERED** Plaintiff's objections (Dkt. 7) are **OVERRULED**; and it is

**FURTHER ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's Complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and it is

---

[5] Principles of *res judicata* and the *Younger* abstention doctrine would likely also preclude resolution of Plaintiff's claims by this Court. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (finding that district court should have abstained from enjoining the enforcement of a state judgment under *Younger*). But given the application of the other doctrines discussed above the lack of federal subject matter jurisdiction here, the Court need not conduct an extensive analysis of these other doctrines.

**FURTHER ORDERED** that Plaintiff's remaining motions (Dkts. 6, 8, 9, 10) are **DENIED** as **MOOT**.

To appeal, Plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the entry of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order that Plaintiff wants to appeal. Failure to timely file a notice of appeal waives the right to appeal this decision. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to Plaintiff.

It is SO ORDERED.

Alexandria, Virginia

January *30*, 2025

/s/

Rossie D. Alston, Jr.
United States District Judge